IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES THOMAS                          :
                                      :          CIVIL ACTION
        v.                            :          No. 13-6121
                                      :
U.S. AIRWAYS, et al.                  :

O'NEILL, J.                                                    May 13, 2014

### MEMORANDUM

I have before me a motion by defendants U.S. Airways, Inc. and its employees Azim McKnight and Prudence Laing seeking dismissal of plaintiff James Thomas's complaint and plaintiff's response to their motion.[1]  Plaintiff claims injuries arising out of an alleged incident with U.S. Airways defendants and certain Philadelphia police officers.  For the following reasons I will grant moving defendants' motion in part and will deny it in part.

### BACKGROUND

On or about August 11, 2012 at Philadelphia International Airport plaintiff attempted to board a U.S. Airways connecting flight but found that his seat had been double-booked and he was not able to board the plane.  Dkt. No. 1 at ¶¶ 10-14.  Plaintiff claims that he requested that U.S. Airways employees retrieve his checked bag on board the plane but they refused.  Id. at ¶ 17.  Plaintiff alleges that McKnight informed him that it would be impossible to retrieve his bag although the plane had not yet departed, to which plaintiff responded by asking whether McKnight's supervisor knew that, in contravention of common sense and safety, a bag was on a flight which its owner had not boarded.  Id. at ¶ 16.  Plaintiff contends he was directed to another U.S. Airways employee whose identity is yet unknown and was told by that employee that there

---

[1]        Defendants the City of Philadelphia, its police officers Robert Donohue and Michael Wojciechowski and Police Officer John Does 1-25 and Jane Does 1-25 (collectively, the Philadelphia defendants) have filed an answer to plaintiff's complaint.  Dkt. No. 7.

was no real risk to having an unattended bag on a domestic flight.  Id. at ¶ 17.  Plaintiff alleges that thereafter McKnight and Laing made statements to police about him that they both knew to be false.  Id. at ¶ 28.

Then "without warning," an unidentified Philadelphia police officer approached plaintiff, allegedly called him "big mouth" and stated that plaintiff was being arrested although plaintiff claims that the officer refused to tell him why he was being arrested.  Id. at ¶ 18.  According to plaintiff, the officer then twisted his arm and injured his shoulder, hip, forearm and hands during the process of handcuffing him.  Id.  Other unidentified police officers then escorted plaintiff into a police car outside of the airport.  Id. at ¶ 19.  Plaintiff alleges that during the time he spent with the police officer defendants, including Robert Donohue, Michael Wojciechowski and others, he was verbally harassed by their threatening, demeaning and abusive statements.  Id.  Plaintiff claims that the officers also caused him physical pain and injury when they placed overly tight handcuffs on him and put him in numerous uncomfortable positions.  Id.  Plaintiff was then transferred to a holding cell at the police station and claims he was denied food, water and medical care.  Id. at ¶ 20.  Plaintiff claims that the police officer who arrested him was told by a supervising officer that his arresting officer's purported observations of plaintiff's actions were inconsistent with available surveillance video.[2]  See id. at ¶ 21.  Plaintiff was then transported to a medical facility where he was seen by a nurse and given medication and water.[3]  See id. at ¶¶ 21-22.

On February 7, 2013 the charges against plaintiff were withdrawn.  Id. at ¶ 27.  Plaintiff alleges he refused to participate in a pretrial diversionary program offered at his first court

---

[2]    Plaintiff does not explain what actions his arresting officer purported to see.

[3]    It is unclear from the allegations in his complaint when he was released from custody.

appearance and subsequently the Commonwealth's witnesses failed to appear in court.  Id.

Relevant here, in his complaint, plaintiff now asserts the following claims:  (1) against McKnight, Laing and U.S. Airways:  Count I – defamation (slander per se); (2) against McKnight, Laing, U.S. Airways and the U.S. Airways John and Jane Does:  Count XI – negligence; (3) against McKnight, Laing, U.S. Airways, the U.S. Airways John and Jane Does and the Philadelphia police officer defendants:  Count VI – conspiracy under 42 U.S.C. § 1983; Count VII – conspiracy under state law; Count VIII – conspiracy under 42 U.S.C. § 1985; Count IX:  intentional infliction of emotional distress; Count X:  negligent infliction of emotional distress; and (4) against all defendants:  Count XIII – punitive damages.

Moving defendants seek dismissal of Counts VI, VII and VIII against them; plaintiff's recklessness allegations in Counts IX, X, XI and XIII; plaintiff's bad faith allegations; all other claims against McKnight and Laing;[4] and all claims against U.S. Airways John and Jane Does. Dkt. No. 3 at ECF pp. 1-2.

## STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the

---

[4]        The issue of whether McKnight and Laing were properly served is moot.  In a telephone conference of May 12, 2014, counsel for U.S. Airways, McKnight and Laing have represented to the court that McKnight and Laing have waived the issue of lack of service.

assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Id. at 556. The Court of Appeals has made clear that after Ashcroft v. Iqbal, 556 U.S. 662 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 556 U.S. at 678. The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

Id. at 210-11, quoting Iqbal, 556 U.S. at 679. The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679, quoting Fed. R. Civ. P. 8(a)(2).

## DISCUSSION

I.      **Conspiracy:  Counts VI, VII and VIII**

      A.      **Count VI:  Conspiracy Pursuant to Section 1983**

Moving defendants seek dismissal of Count VI of plaintiff's complaint, which asserts a claim for conspiracy pursuant to § 1983.  To demonstrate the existence of a conspiracy under § 1983, "plaintiff must show that two or more conspirators reached an agreement to deprive him [ ] of a constitutional right under color of law."  Laurensau v. Romarowics, 528 F. App'x 136 (3d Cir. 2013) (internal citations omitted).  The allegations in plaintiff's complaint are insufficient to support this claim.

### 1.     Concerted Action

First, I find that plaintiff has not sufficiently alleged the requisite agreement between conspirators to deprive him of a constitutional right.  In light of Twombly, plaintiff's complaint must include "'enough factual matter (taken as true) to suggest that an agreement was made,' in other words, 'plausible grounds to infer an agreement.'"  Great Western Mining & Mineral Co. v. Fox Rothschild, LLP, 615 F.3d 159, 178 (3d Cir. 2010), quoting Twombly, 550 U.S. at 556. "Bare conclusory allegations of 'conspiracy' or 'concerted action' will not suffice to allege a conspiracy.  The plaintiff must expressly allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred."  Flanagan v. Shively, 783 F. Supp. 922, 928 (M.D. Pa. 1992).  Merely pleading that U.S. Airways employees "made statements that they knew to be false and about [plaintiff] . . . . between themselves, to Philadelphia Police Officers, and to other presently unknown persons," Dkt. No. 1 at ¶ 28; see also id. at ¶¶ 50, 52, 54, is insufficient to allege an agreement or concerted action between the parties and cannot permit plaintiff's claim to survive defendants' motion.  See Fowler, 578 F.3d at 210.

### 2.     Under Color of State Law

I also find that plaintiff has not sufficiently alleged that the U.S. Airways defendants

acted under color of state law.  Actions "under color of law" are considered the equivalent of "state action" under the Fourteenth Amendment.  See Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005).  U.S. Airways is not a state entity and its employees are not state employees. However, it is well settled in our Circuit that in certain circumstances private actors may be regarded as acting under color of law pursuant to § 1983.  See Donnell v. Corr. Health Servs., Inc., 405 F. App'x. 617, 622 n.5 (3d Cir. 2010).  The Court of Appeals has articulated three tests to determine if a private actor is a state actor for the purposes of a § 1983 action:  (1) whether the defendant exercised powers that are "traditionally the exclusive prerogative of the state"; (2) whether the defendant acted "with the help of or in concert with state officials"; or (3) whether the "state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."  Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009), citing Mark v. Borough of Hatboro, 51 F.3d 1137, 1142 (3d Cir. 1995). The principal question here is "whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."  Id., citing Leshko, 423 F.3d at 339 (internal quotation marks omitted).  Inquiries into the question of whether private actors' actions are deemed to be under color of law are "fact-specific."  Id., citing Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995).

"In cases concerning a private party's involvement with police, 'in the absence of a conspiracy with the police to violate constitutional rights, a [private party's] summons of a police officer to deal with a possible disturbance, does not make it a state actor.'"  Rodriguez v. Widener Univ., No. 13-1336, 2013 WL 3009736, at *3 (E.D. Pa. June 17, 2013), quoting Bailey v. Harleysville Nat'l Bank & Trust, 188 F. App'x 66, 68 (3d Cir. 2006).  Plaintiff's complaint asserts the bare legal conclusion that U.S. Airways employees were acting "under color of state

law," Dkt. No. 1 at ¶¶ 7, 8, 9, without any supporting facts alleging agreement or concerted action between U.S. Airways employees and police officers.  Accordingly, plaintiff fails as a threshold matter to plausibly plead defendants' conspiracy with police as is required for a finding of state action in his § 1983 claim against the U.S. Airways defendants and I will dismiss this claim against them.[5]

### 3.   Respondeat Superior Liability

Even if plaintiff had sufficiently alleged that U.S. Airways were a state actor, his § 1983 claim against it would still fail because he has not alleged that the conspiracy that he claims was the result of a U.S. Airways custom or policy.  Plaintiff asserts his federal conspiracy claims against U.S. Airways by invoking the principle of respondeat superior.  Dkt. No. 1 at ¶ 6.

The Supreme Court has held that a municipality cannot be held liable in a § 1983 action under a theory of respondeat superior.  Monell v. Dep't. Soc. Serv. City of N.Y., 436 U.S. 658,

---

[5]         To the extent that plaintiff alleges that U.S. Airways conspired with its own employees to violate his constitutional rights, plaintiff's conspiracy claims against the airline are barred pursuant to the intracorporate corporate conspiracy doctrine.  It is well settled in Pennsylvania that a corporation cannot conspire with its agents or employees.  See Rutherfoord v. Presbyterian-Univ. Hosp., 612 A.2d 500, 334-35 (Pa. Super. Ct. 1992).  Pennsylvania's intracorporate conspiracy doctrine applies to federal civil rights conspiracy claims such as those now raised by plaintiff.  See Shingara v. Skiles, 274 F. App'x 164, 168 (3d Cir. 2008).  The exceptions to this general rule are:  (1) where an employee acts in his own best interests, not for the benefit of the corporation; (2) where a third party participated in the conspiracy, and; (3) where a parent and subsidiary corporation have participated in the conspiracy.  Unger v. Allen, 2006-C-386V, 2006 WL 5780005, at *203 (C.P. Lehigh Sept. 26, 2006) (citations omitted); see also Rosembert v. Borough of E. Lansdowne, No. 13-2826, 2014 WL 1395032, at *9 n.18 (E.D. Pa. Apr. 9, 2014), quoting Robison v. Canterbury Vill., Inc., 848 F.2d 424, 431 (3d Cir. 1988) ("The intracorporate conspiracy doctrine does not foreclose a plaintiff from establishing a conspiracy claim under section 1985 where 'the officer is acting in a personal, as opposed to official, capacity, or if independent third parties are alleged to have joined the conspiracy.'").  As I have discussed, plaintiff has not plausibly alleged the existence of a conspiracy between U.S. Airways employees and police officers, much less facts supporting an inference relating to any of the other exceptions to the intracorporate conspiracy doctrine.

694 (1978).  Monell applies equally to private corporations.  See Victory Outreach Ctr. v. Melso, 371 F. Supp. 2d 642, 646 (E.D. Pa. 2004) (observing that this and several other Courts have decided that a private corporation cannot be held liable for the acts of its employees on a respondeat superior theory); Miller v. Hoffman, 1998 WL 404034, at *5 (E.D. Pa. July 7, 1998) (finding that a private corporation cannot be held vicariously liable for the acts of its employees under § 1983).[6]

There is, however, an exception to the rule prohibiting respondeat superior liability: "when execution of a government's policy or custom . . . inflicts the injury . . . the government as an entity is responsible under § 1983."  Monell, 436 U.S. at 694.  Courts have extended this exception to private corporations.  See Hoffman, 1998 WL 404034 at *5 ("The same standard [exception] applies where a plaintiff names a private corporation, acting under color of state law, as a defendant in a Section 1983 case.").  In order for U.S. Airways to be liable under Monell, U.S. Airways must have known of and "acquiesced in the deprivation of plaintiffs' rights."  Id. To meet this burden, plaintiff must allege that U.S. Airways "established and maintained a policy, practice or custom which directly caused [his] constitutional harm" with "deliberate indifference to the consequences."  Id.  Plaintiff has not alleged any policy, practice or custom of U.S. Airways that caused his alleged injuries.

**B.     Count VIII:  Conspiracy Pursuant to Section 1985(3)**

Plaintiff's failure to allege a conspiracy, or concerted action, is also fatal to his § 1985 claim.  Similar to § 1983, "[i]t is well established that § 1985(3) does not itself create any

---

[6]        A corporation similarly cannot be held liable under § 1985 through a theory of respondeat superior.  Simril v. Twp. of Warwick, 2001 WL 910947, at *2 n.5 (E.D. Pa. Aug. 10, 2001); Tomino v. City of Bethlehem, No. 08-CV-06018, 2010 WL 1348536, at *16 n.36 (E.D. Pa. Mar. 31, 2010) ("[T]he Monell analysis that liability under § 1983 cannot be predicated on respondeat superior applies with equal force to § 1985.") (citation omitted).

substantive rights; rather, it serves only as a vehicle for vindicating federal rights and privileges which have been defined elsewhere." Brown v. Philip Morris Inc., 250 F.3d 789, 805 (3d Cir. 2001).  The existence of a conspiracy is a necessary element of a claim under § 1985.  42 U.S.C. § 1985.

Section 1985(3) creates a private cause of action for damages incurred "[i]f two or more persons . . . conspire . . . for the purpose of depriving . . . any person of the equal protection of the laws."  42 U.S.C. § 1985(3).[7]  In order to establish his claim under § 1985(3), plaintiff must establish the following elements:  (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States.  Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006), quoting United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 828-29 (1983).  The Supreme Court has made clear that § 1985(3) does not provide a cause of action for "all tortious, conspiratorial interferences with the rights of others" or create "general federal tort law."  Id., 440 F.3d at 135, quoting Griffin v. Breckenridge, 403 U.S. 88, 101-02 (1971).  Instead, plaintiff must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" in order to state a claim.  Griffin, 403 U.S. at 102.

The Court of Appeals has stated that "the rule is clear that allegations of a conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action."  Capogrosso v. N.J. Sup. Ct., 588 F.3d 180, 185 (3d Cir. 2009),

---

[7]        While plaintiff does not suggest what particular provision of 42 U.S.C. § 1985 his claim implicates, his complaint makes clear that he intends to proceed under § 1985(3): "Depriving persons of rights or privileges."

citing Crabtree v. Muchmore, 904 F.2d 1475, 1480-81 (10th Cir. 1990); see Gordon v. Lowell, 95 F. Supp. 2d 264, 270 (E.D. Pa. 2000) ("An allegation of conspiracy is insufficient to sustain a cause of action under [§ 1985]; it is not enough to use the term 'conspiracy' without setting forth supporting facts that tend to show an unlawful agreement."). Plaintiff's complaint does not sufficiently allege the requisite factual basis and I will dismiss his § 1985(3) conspiracy claim against the U.S. Airways defendants.

   C.      **Count VII:  State Law Conspiracy Claim**

   Plaintiff's state law claim of civil conspiracy also fails as against the U.S. Airways defendants.  To prevail, Pennsylvania similarly requires that a plaintiff demonstrate that an overt unlawful act was "done in pursuance of the common purpose" by a combination or two or more persons and must have caused "actual legal damage."  Montgomery Cnty., Pa. v. MERSCORP, Inc., 904 F. Supp. 2d 436, 453 (E.D. Pa. 2012), quoting Com. v. TAP Pharm. Prods., Inc., 36 A.3d 1112, 1144 (Pa. Commw. Ct. 2011).  Moreover, proof of malice is an essential part of a cause of action for civil conspiracy and requires that "the conspirators took unlawful actions with the specific intent to injure the plaintiff . . . ."  Id., citing TAP Pharm., 36 A.3d at 1185.  Civil conspiracy is not a separate cause of action but instead requires an underlying tort.  Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 405-06 (3d Cir. 2000), abrogated on other grounds as recognized in, United Artists Theatre Cir,. Inc. v. Twp. of Warrington, PA, 316 F.3d 392 (3d Cir. 2003).  "The rule that civil conspiracy may not exist without an underlying tort is a common one.  Indeed, we are unaware of any jurisdiction that recognizes civil conspiracy as a cause of action requiring no separate tortious conduct."  Id. at 404 (citation and internal quotation marks omitted).  Here, "[t]he sufficiency of a claim for civil conspiracy under state law, brought in federal court, is governed by the Federal Rules of Civil Procedure."  Adams v.

Teamsters Local 115, 214 F. App'x 167, 176 (3d Cir. 2007); Simmons v. City of Phila., 947 F.2d

1042, 1085 (3d Cir. 1991).  "[C]onclusory allegations of 'concerted action,' without allegations

of fact that reflect joint action, are insufficient to meet [Rule 8 pleading] requirement[s]."

Adams, 214 F. App'x at 176.  In his complaint, as I have discussed, plaintiff fails to allege any

facts indicative of joint action between U.S. Airways employees and police officers that are

sufficient to permit him to survive the motion to dismiss his state law civil conspiracy claims.[8]

I will grant plaintiff leave to amend his federal and state law claims for conspiracy to the

extent that he can assert facts demonstrating the existence of a conspiracy between or among

defendants giving rise to his injuries.  See Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000)

(holding that a district court should not dismiss a plaintiff's claims "without either granting leave

to amend or concluding that any amendment would be futile").

## II.      Punitive Damages and Recklessness Allegations

Moving defendants ask for dismissal of any and all allegations of "recklessness" and

plaintiff's claims for punitive damages.[9]  Dkt. No. 3 at ECF pp. 9-11.  In his response to

defendants' motion, plaintiff contends that he asserts defendants' recklessness as an element of

his claim for punitive damages.  See Dkt. No. 5 at ECF pp. 8-9.  Pennsylvania, adopting the

Restatement (Second) of Torts, allows damages "'for conduct that is outrageous because of the

---

[8]      Accordingly I need not reach the issue of whether a corporation may be liable for civil conspiracy under Pennsylvania law through a theory of respondeat superior, a theory for which plaintiff cites no authority.

[9]      U.S. Airways also seeks dismissal of any allegation of bad faith against it in plaintiff's complaint.  See Dkt. No. 1 at ¶ 24 (alleging "misrepresentations" that "were intentional, malicious, reckless, wanton and in bad faith and deliberately indifferent and recklessly indifferent to Plaintiff's rights").  As plaintiff concedes in his response to the motion to dismiss, he "plainly has not asserted a separate count of bad faith against any defendant."  Dkt. No. 5 at ECF p. 7.  I find that there is no need to dismiss this single allegation in the complaint and will deny defendants' motion on this point.

defendant's evil motive or his reckless indifference to the rights of others.'" <u>Madison v.</u> <u>Bethanna, Inc.</u>, No. 12-01330, 2012 WL 1867459, at *13 (E.D. Pa. May 23, 2012), <u>quoting</u> <u>Rizzo v. Haines</u>, 555 A.2d 58, 69 (Pa. 1989).  Specifically, "'[a] court may award punitive damages only if the conduct was malicious, wanton, reckless, willful, or oppressive.'"  <u>Id.</u>, <u>quoting</u> <u>Rizzo</u>, 555 A.2d at 69.

Viewing plaintiff's allegations in the light most favorable to him, as I must, I find his allegations that McKnight and Laing made knowingly false statements to police, statements which allegedly led to his arrest, are sufficient to permit his claim for punitive damages to withstand defendants' motion.  <u>See</u> <u>Madison</u>, 2012 WL 1867459, at *13 (finding that the plaintiffs' "allegations of recklessness for punitive damage purposes" survived a motion to dismiss despite not having asserted a separate count of recklessness because discovery could yield evidence supporting a claim for punitive damages).  Plaintiff's allegations are sufficient to support a finding that further development of the record is required on the question of whether his punitive damages claim is sustainable directly against defendants employees and against U.S. Airways on a theory of vicarious liability.[10]  I will thus deny defendants' motion to dismiss plaintiff's allegations of recklessness and his claim for punitive damages.

---

[10]     I construe plaintiff's claim for punitive damages against U.S. Airways to be premised on vicarious liability.  The Court of Appeals has explained that under Pennsylvania law, a principal may be held vicariously liable for punitive damages if the actions of its agent(s) were: (1) clearly outrageous; (2) committed during and within the scope of the agent's duties, and; (3) done with the intent to further the principal's interests.  <u>Loughman v. Consol-Pa. Coal</u> <u>Co.</u>, 6 F.3d 88, 101 (3d Cir. 1993), <u>citing</u> <u>Delahanty v. First Pa. Bank, N.A.</u>, 464 A.2d 1243, 1264 (Pa. Super. Ct. 1983).  Vicarious liability may be imposed even where the principal has neither directed nor ratified the acts of its agents.  <u>Achey v. Crete Carrier Corp.</u>, No. 07-CV-3592, 2009 WL 9083282, at 10 (E.D. Pa. Mar. 30, 2009), <u>citing</u> <u>Shiner v. Moriarty</u>, 706 A.2d 1228, 1240 (Pa. Super. Ct. 1998).

### III.   U.S. Airways John and Jane Doe Defendants

Defendants argue that plaintiff's claims against the U.S. Airways John and Jane Doe defendants should be dismissed pursuant to the Pennsylvania Rules of Civil Procedure which require plaintiff to "set forth the form of the action and the names of all the parties . . . ."  Pa. R. Civ. P. 1018.  Here, defendants overlook the fact that the Federal Rules of Civil Procedure apply to civil actions that have been removed to federal court.  Fed. R. Civ. P. 81(c)(1).  The "[u]se of John Doe defendants is permissible in certain situations until reasonable discovery permits the true defendants to be identified.  If reasonable discovery does not unveil the proper identities, however, the John Doe defendants must be dismissed."  Blakeslee v. Clinton Cnty., 336 F. App'x 248, 250 (3d Cir. 2009) (citations omitted); see also Atl. Used Auto Parts v. City of Phila., 957 F. Supp. 622, 625 (E.D. Pa. 1997) ("[F]ictitious party names may be used at least until reasonable discovery permits the actual defendants to assume their places.") (internal quotation marks omitted.); Scheetz v. Morning Call, Inc., 130 F.R.D. 34, 37 (E.D. Pa. 1990) ("Fictitious parties must eventually be dismissed, if discovery yields no identities.").  Accordingly, I will not dismiss plaintiff's non conspiracy-related claims against the U.S. Airways Doe defendants at this stage of the proceedings but may later if discovery does not yield their proper identities.

An appropriate Order follows.